IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GAC INTERNATIONAL LLC,<br>One CA Plaza, Suite 100<br>Islandia, NY 11749 | * * | |
| Plaintiff, | * | CIVIL ACTION NO. |
| v. | * | |
| ROTH LICENSING LLC<br>4257 Oliver Way<br>Union City, CA 94587 | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND NO UNJUST ENRICHMENT

Plaintiff, GAC International LLC ("GAC"), by its undersigned counsel and in support of its Complaint for Declaratory Judgment of Trademark Non-Infringement and No Unjust Enrichment, against Defendant Roth Licensing LLC ("Roth Licensing"), alleges as follows:

### I. Nature of Action

1. This is an action for Declaratory Judgment of Trademark Non-Infringement and No Unjust Enrichment. This action arises out of allegations by Defendant that Plaintiff infringes its marks and rights.

### II. Parties

2. Plaintiff, GAC International LLC ("GAC"), is a limited liability company, organized and existing under the laws of the state of Delaware, with its principal place of business at One CA Plaza, Suite 100, Islandia, NY 11749.

3. Upon information and belief, Defendant Roth Licensing LLC ("Roth Licensing") is a limited liability company, organized and existing under the laws of the state of California, with its principal place of business at 4257 Oliver Way, Union City, CA 94587.

### III. Jurisdiction and Venue

4. This is an action for Declaratory Judgment for non-infringement and no unjust enrichment arising under (i) the Trademark Laws of the United States, namely, 15 U.S.C. §§ 1114 *et seq.* and 1125; (ii) the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and (3) Rule 57 of the Federal Rules of Civil Procedure. Thus, this Court has original jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over the Defendant as it has regularly transacted business in New York, and regularly done or solicited business in New York. Further, the Defendant's threatened conduct will cause injury to the Plaintiff in New York and this Judicial District. Venue in this District is, therefore, proper under 28 U.S.C. § 1391 *et seq.*

### IV. Facts

6. Plaintiff GAC is a distributor of orthodontic products and services.

7. Dr. Ronald Roth was an orthodontist who, among others, developed, taught and promoted a philosophy or prescription of orthodontics in the area of function occlusion. As patients and orthodontists choose brackets based on their compatibility with various prescriptions, including Dr. Roth's, manufacturers commonly identify the relevant prescription in the product description, labeling, and/or marketing materials.

8. Before his death, Dr. Roth granted GAC the right to use his name, image, endorsement, right of publicity, and related copyright, trademark, and trade name rights for marketing, advertising and promoting the goods and services of GAC ("Roth Rights"), as well as

the right to use multiple common law and registered trademarks incorporating the trademark ROTH ("Roth Marks").

9. After Dr. Roth died, Defendant Roth Licensing LLC granted GAC the right to use the Roth Rights and Roth Marks on a worldwide basis for marketing, advertising, and promoting GAC's orthodontic products and services, for an annual flat fee of $200,000. These agreements only pertain to the use of the Roth Rights and Roth Marks for marketing, advertising and promotion, not the generic use to describe compatibility with the Roth prescription.

10. The most recent License Agreement ("2013 License Agreement") between the parties was executed on March 19, 2013, and expired on December 31, 2014. *See* Ex. A. The 2013 License Agreement included a 90-day grace period after expiration. As such, GAC had until March 31, 2015 to cease use of the Roth Rights and Roth Marks specifically for marketing, advertising and promoting the goods and services of GAC.

11. Despite representations from Roth Licensing that GAC was the sole licensee of the Roth Marks and Roth Rights in a "de facto exclusive way" and assurances that significant policing and limiting the use of such rights had been made, numerous third parties used Roth Marks without permission and referenced Roth Rights without disclaimers in their sales and marketing materials during the term of the 2013 License Agreement, and continue to do so today.[1] Roth Licensing has permitted such public and widespread use of the Roth Marks and

---

[1] *See e.g.,* Masel's "Bravo Excel™ Roth Brackets" webpage (www.maselortho.com/NewProducts/BRAVO.pdf) (highlighted screenshot of webpage last visited on 4/22/15), Ex B; 3M Unitek's excerpted Product Catalog (http://multimedia.3m.com/mws/media/636611O/3m-unitek-product-catalog.pdf) (highlighted and excerpted Product Catalog found on webpage last visited on 4/22/15), Ex C; Umgroup's "Roth Bracket" webpage (www.umgroupen.com/channels/448.html) (highlighted screenshot of webpage last visited on 4/22/15), Ex D; Dontic/Proclinic's "Ceramic Roth Brackets" webpage (http://dontic.com/product/L2663-1-case-of-022-ceramic-roth-brackets-5-5-upper-and-lower-with-hooks-on-345) (highlighted screenshot of webpage last visited on 4/22/15), Ex E; Denrum Orthodontic's "Fancy Roth Bracket" webpage (www.denrum.com.cn/Fancy-Roth-Bracket-10.html) (highlighted screenshot of webpage last visited on 4/22/15), Ex F; American Orthodontics' "Forever Gold Brackets" webpage (www.americanortho.com/cosmetic-forevergold.html) (highlighted screenshot of webpage last visited on 4/22/15), Ex G; Speed System Orthodontics' "Which Torque Prescription is Best for You?" webpage

Roth Rights without enforcement or payment for a license. As such, Roth Marks have eroded and become genericized.

12. GAC fulfilled its obligations under the 2013 License Agreement which expired on December 31, 2014. Before the expiration of the grace period provided for in the 2013 License Agreement, GAC ceased use of Roth Marks and Roth Rights. At no time during the term of the 2013 License Agreement or during the grace period, did Roth Licensing allege that GAC had violated the Agreement, infringed the Roth Rights, or misused Roth Marks.

13. Since orthodontic brackets are routinely identified based on their prescription compatibility, GAC must label products that are compatible with Roth prescriptions. As such, GAC currently includes an "RT" notation in the description of brackets that are compatible with Roth prescriptions, along with the following disclaimer: "Our RT Rx has values that are equivalent to the Roth® prescription values. No endorsement is implied. Roth® is a registered trademark of Roth Licensing LLC."[2] "RT" is not a registered Roth Mark, and GAC only began using the "RT" notation with the above disclaimer after the term of the 2013 License Agreement expired.

14. On April 15, 2015, Roth Licensing sent GAC a cease and desist letter, which asserted that GAC's use of the "RT" notation after the expiration of the 2013 License Agreement was in "bad faith," and accused GAC of "quite aggressive use of the ROTH rights, thereby breaching the agreement and infringing the ROTH rights." *See* Ex. K.

---

(www.speedsystem.com/HTML/clinician/torque_prescriptions.html) (highlighted screenshot of webpage last visited on 4/22/15), Ex H; Medkraft Instruments' "Roth Prescription" webpage (www.medkraftorthodontics.com/index.php?option=com_content&view=article&id=92:roth-prescription&catid=42:brackets&Itemid=82) (highlighted screenshot of webpage last visited on 4/22/15), Ex I.

[2] *See e.g.,* Defendant's Balance RT Rx* .018 Lower 1 Un1 -1T (www.dentsply.com/en-us/catalog/product.dir.html/Orthodontics/Brackets/Metal-Twin/Balance%c2%ae/Balance/p/GAC-31-611-00.html#.VTefg_8U_IU), Ex. J.

### V. Count One – Declaratory Judgment of Non-Infringement of Trademark Under 15 U.S.C. §§ 1114 and 1125(a)

15. Plaintiff GAC incorporates herein by reference the allegations of paragraphs 1-14 above.

16. An actual controversy presently exists between Plaintiff and Defendant regarding Defendant's allegation of infringement of Roth Marks and Roth Rights under the Lanham Act 15 U.S.C. §§ 1114 *et seq.* and 1125(a), and Plaintiff is under a real and reasonable apprehension of being sued for infringement, at least in view of Defendant's cease and desist letter dated April 15, 2015.

17. This Court has the authority and power to resolve the controversy and federal question (trademark infringement) pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

18. "RT" is not a registered Roth Mark, and Plaintiff only began using the "RT" notation and disclaimer to communicate generic product compatibility with the Roth prescription after the term of the 2013 License Agreement expired.

19. Plaintiff's use of "RT" does not create any likelihood of confusion regarding product endorsements, or ownership of the Roth Marks or Roth Rights. In fact, each "RT" notation carries a disclaimer which states, "Our RT Rx has values that are equivalent to the Roth® prescription values. No endorsement is implied. Roth® is a registered trademark of Roth Licensing LLC." Thus, Plaintiff has not infringed upon any rights of Defendant.

20. Further, Roth Marks have eroded and become genericized because Roth Licensing has permitted their public and widespread use.

21. Plaintiff GAC seeks Declaratory Judgment that its use of "RT" does not infringe any trademark owned or controlled by Defendant. Plaintiff GAC also seeks its reasonable and necessary attorneys' fees and costs for filing this Declaratory Judgment.

### VI. Count Two – Declaratory Judgment of No Unjust Enrichment

22. Plaintiff GAC incorporates herein by reference the allegations of paragraphs 1-21 above.

23. An actual controversy presently exists between Plaintiff and Defendant regarding Defendant's allegation of unjust enrichment, and Plaintiff is under a real and reasonable apprehension of being sued for unjust enrichment, at least in view of Defendant's cease and desist letter dated April 15, 2015.

24. This Court has the authority and power to resolve the controversy pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

25. Plaintiff's use of "RT" does not result in any unjust enrichment at the expense of Defendant, because Roth Licensing has permitted public use of the Roth Marks and Roth Rights without requiring/enforcing license agreements or payment.

26. Plaintiff GAC seeks Declaratory Judgment that its use of "RT" does not result in any unjust enrichment at the expense of Defendant. Plaintiff GAC also seeks its reasonable and necessary attorneys' fees and costs for filing and prosecuting this Declaratory Judgment.

### VII. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests this Court to order that:

(a) Plaintiff GAC's use of "RT" does not infringe upon or violate any rights of Defendant Roth Licensing under 15 U.S.C. §§ 1114 and 1125(a);

(b) Plaintiff GAC's use of "RT" does not constitute any unjust enrichment at the expense of Defendant Roth Licensing;

(c) Defendant Roth Licensing is not entitled to any injunctive relief against Plaintiff GAC's use of the "RT" notation; and

(d) Plaintiff GAC be awarded such other and further relief as this court may deem just and proper, including but not limited to reasonable and necessary attorneys' fees and costs for filing and prosecuting this Declaratory Judgment.

Date:  April 27, 2015

Respectfully submitted,

_____
Richard Fama
Cozen O'Connor
45 Broadway, 16th Floor
New York, NY  10006
(212) 908-1229 Telephone
(866) 263-1334 Facsimile

Richard M. Barnes *(Request for Admission Pro Hac Vice to be Sought)*
Linda S. Woolf *(Request for Admission Pro Hac Vice to be Sought)*
Shevon Rockett *(Request for Admission Pro Hac Vice to be Sought)*
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Tel:  (410) 783-4000 Telephone
Fax: (410) 783-4040 Facsimile

***Attorneys for Plaintiff,***
***GAC International LLC***